## BEN BENSON v. M. L. LARSON.[1]

July 14, 1905.

Nos. 14,386—(152).

**Compromise and Settlement.**

A certain agreement purporting to settle and adjust matters of difference between the parties construed, and *held* to constitute one entire contract; that the engagements thereby entered into by the parties were mutual and reciprocal, and a refusal of performance by plaintiff gave defendant the right to rescind, and declare the agreement wholly at an end.

Action in the district court for Martin county to recover from defendant $348 upon an account stated. After issue was joined the parties entered into the agreement of settlement set out in the opinion. Thereafter plaintiff filed a supplemental complaint, seeking to recover $500 and interest which he alleged was due under the agreement. The

[1] Reported in 104 N. W. 307.

case was tried before Quinn, J., who, after submitting certain questions to a jury, found in favor of defendant for $467.96 upon the counter-claims set up in his answer to the original complaint. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*C. M. O'Neill,* for appellant.

*Albert R. Allen* and *De Forrest Ward,* for respondent.

BROWN, J.

Plaintiff owned a farm in Martin county, which he leased to defend-ant for a term of years. The lease was in the form of an ordinary farm contract, and provided for a division of crops raised on the land, and also for a division of stock upon the terms therein mentioned. A controversy arose in reference to rights growing out of the contract and plaintiff brought this action to recover an amount alleged to have been found due him upon a settlement had between the parties. De-fendant answered, denying the alleged settlement, and setting up ten distinct counterclaims against plaintiff upon which he demanded an affirmative judgment. Thereafter the parties entered into a full settle-ment of all their differences, including plaintiff's alleged cause of action and the subject-matter of the counterclaims set up in defendant's answer. This settlement, which is undisputed, was in writing, and in the following language:

Sherburn, Minn., December 24, 1903.

This agreement made and entered into this day by and be-tween M. L. Larson of the first part and Ben Benson of the second part—Whereby, an accounting had and made between said parties it is this day agreed that there is due from said M. L. Larson to said Ben Benson the sum of Five Hundred Dollars ($500.00) which said Larson agrees to pay or secure to said Benson by either payment in cash or Bankable Note due in not more than ninety days, and it is further settled and agreed by said parties that said Larson is to divide the stock on Benson farm, by first setting apart as the property of Benson Twenty (20) cows, and that the balance of 58 head shall be divided by each selecting one alternately until all are divided. That the Hogs of said farm shall be divided by first setting apart Ten

(10) Brood Sows as the property of Benson and that the balance of forty (40) head shall be divided by each selecting one alternately and Larson also to set out one Boar as property of Benson and that this settlement and division shall be and constitute a full and complete settlement of all accounts between them to date except grain and crops raised in 1903 which shall be divided according to farm lease between the parties.

In Witness Whereof both parties have hereunto set their hands this 24th day of December, 1903.

In presence of                   M. L. Larson,
    Peter P. Peterson,            Ben Benson.
    S. D. O'Neill.

### Addendum.

It is also further agreed, that in the event Larson cannot procure Signer to make his Note Bankable, he will make, execute and deliver his note to Benson for $500.00 with eight per cent. interest together with a chattel mortgage on his interest in all stock on farm to secure same and on his share of crops for 1904 on said farm, but no stock to be sold or removed until same is settled and adjusted.

                              M. L. Larson,
                              Ben Benson.

Defendant failed to pay the amount agreed upon, whereupon plaintiff filed a supplemental complaint in the action seeking to recover the same, abandoning the cause of action set up in the original complaint. To this supplemental complaint defendant answered, admitting that the settlement was entered into as alleged in the complaint, but alleging in defense that plaintiff refused to divide the stock, refused to accept the promissory note from defendant as therein provided, and wholly refused to perform his part of the agreement, by reason of which defendant rescinded the same. It is not alleged that the settlement was obtained through fraud, or was the result of mistake. For aught that appears, it was fairly made and entered into, defendant's sole defense being the refusal of plaintiff to perform his part of the agreement.

At the conclusion of the trial in the court below, the court held that there was no issue of fact for the jury to determine respecting plaintiff's right of recovery upon this settlement, but the merits of the several counterclaims were submitted to the jury, and special verdicts returned for defendant. The theory of the court was that, as the facts respecting plaintiff's refusal to perform his part of the agreement were undisputed, the right of defendant to rescind for such refusal presented a question of law for the court; that with respect to that phase of the case there was nothing for the jury to pass upon. The court subsequently made findings setting forth the refusal of plaintiff to perform, the rescission of the contract by defendant, and judgment was ordered in defendant's favor for the amount found by the jury to be due on the several counterclaims. Plaintiff moved for a new trial, and appealed from an order denying it.

The practice pursued in the court below may have been somewhat irregular, but, in view of the legal rights of the parties, as disclosed by the undisputed evidence, the irregularities in that respect are not sufficient on which to order a reversal. The written settlement on which plaintiff relies for a recovery is susceptible of but one construction. It constituted in contemplation of law an entire inseparable contract, the engagements of which were mutual and reciprocal. By its terms defendant acknowledged an indebtedness to plaintiff of the sum of $500, which he agreed to pay or secure in the manner stated in the writing; and as a part and parcel of the settlement plaintiff acknowledged that defendant had an interest in the live stock then on plaintiff's farm, and agreed that a division of the same should be made on the basis there specified. It related to and concerned matters growing out of the farm contract, and it is apparent that the parties intended it as an adjustment of all their differences. The promise of defendant to pay plaintiff $500 was contingent upon the performance by plaintiff of his part of the agreement by a division of the stock; and, as the evidence is conclusive that plaintiff refused to make such division, defendant was no longer bound by the terms of the agreement, and had a clear right to rescind the entire transaction. Plaintiff's refusal to perform therefore effectually barred a right of action on the settlement, and, although the subject-matter of the various counterclaims set up by defendant were included therein, the agreement having been rightfully rescinded

for the refusal of plaintiff to carry it out, the right to recover upon the counterclaims was restored. It was unnecessary to show fraud or mistake. The court would have been fully justified in directing a verdict accordingly, and, though no verdict was in fact directed at the trial, the subsequent findings and order for judgment answer the same purpose.

This conclusion renders the consideration of other questions unnecessary. Defendant, having rightfully rescinded the contract for the refusal of plaintiff to perform the same, terminated the agreement, and plaintiff cannot recover thereon; and the evidence to prove the counterclaims was properly received. We have, however, considered all other assignments, and discover no reversible error.

Order affirmed.