[Civil No. 3044.   Filed June 30, 1931.]

[300  Pac.  953.]

M. R. CANO, Appellant, v. ARIZONA FROZEN
   PRODUCTS CO., a Corporation, Appellee.

Mr. Edward Aboud, for Appellant.

Mr. James R. Dunseath, for Appellee.

LOCKWOOD, J.—Arizona Frozen Products Company, a corporation, hereinafter called plaintiff, brought suit in the superior court of Pima county against M. R. Cano, hereinafter called defendant, for damages in the sum of $5,000 for the unlawful use by defendant of the trademark of plaintiff. Defendant demurred generally to the complaint and set up as a plea in bar that prior to the inception of this action plaintiff brought suit in the federal District Court against defendant for infringement of the same trademark involved in this case, praying in such action for an injunction and damages, and that plaintiff in open court waived his claim for damages, judgment being entered solely for injunctive relief; and claiming that by virtue of said judgment and waiver of damages plaintiff was barred from maintaining this action.

Plaintiff answered to the plea in bar, admitting the judgment and waiver of damages, but alleging that such damages were waived in consideration of certain promises made by defendant to plaintiff, which consideration had failed. The case was heard before the trial court sitting without a jury, and judgment was rendered in favor of plaintiff in the sum of $1,450, from which judgment and the order overruling the usual motion for new trial this appeal was taken.

There are some nine specific assignments of error, but we discuss only the questions of law raised thereby which are necessary for the determination of the case. The first is whether or not the complaint stated a cause of action. While it cannot be said the complaint is a model of pleading, we gather fairly therefrom that plaintiff was the owner of a trademark; that defendant had unlawfully used such trademark, and that plaintiff was damaged thereby in the sum of $5,000. We think it sets up a right in plaintiff, an unlawful invasion of the right by defendant, and damages resulting from such invasion. We are of the opinion this is sufficient as against a general demurrer, and the latter was properly overruled.

The second is in effect whether or not the pleadings and the evidence sustain the judgment rendered by the trial court. Briefly stated, the plaintiff claims that defendant unlawfully infringed its trademark and thereby it was damaged in the sum of $5,000. Defendant's answer is in confession and avoidance. He admits the unlawful use of the trademark, but alleges that a compromise agreement was entered into whereby all damages for such unlawful use were waived by plaintiff. Plaintiff replies, admitting the waiver of damages, but alleging that the consideration for such waiver had failed.

Judging from the entire record, it was apparently the theory of defendant that a formal compromise and settlement had been made of the matter in dispute, and that plaintiff had thereby waived all rights on its original claim, so that its only remedy was a suit for breach of the compromise agreement and not one on the original cause of action.

There are two forms of settlement of matters in dispute between parties. The first is called an "accord and satisfaction." An "accord" is an agreement whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of

the claim, liquidated or in dispute, something other than or different from what he is or considers himself entitled to, and a satisfaction is the execution of such an agreement. 1 C. J. 523. A "compromise and settlement," on the other hand, is an agreement between two or more persons who, in order to avoid a lawsuit, amicably settle their differences on such terms as they can agree on. 12 C. J. 314. The vital distinction which is usually made between a "compromise and settlement" on the one hand, and an "accord and satisfaction" on the other, is that while an accord which has not been executed does not afford a bar to the original action, a valid compromise agreement, although executory, operates as such a bar. *Memphis* v. *Brown,* 20 Wall. (87 U. S.) 289, 22 L. Ed. 264; *McCoy* v. *Milbury,* 87 N. J. L. 697, 94 Atl. 621; *Flegal* v. *Hoover,* 156 Pa. 276, 27 Atl. 162; 12 C. J. 315.

It is difficult in many specific cases to determine whether the facts show a compromise and settlement or an accord and satisfaction, and the courts sometimes use these phrases indiscriminately. We think, however, a careful analysis of the different cases will show that although the terms may be used loosely, the best reasoned decisions are based on a real difference between the two forms of settlement. But even when the agreement in question is admittedly technically one of compromise and settlement, and we follow the strictest rule in determining its effect, if one of the parties fails to complete the agreement itself, as distinct from failing to carry out the terms of the completed agreement, the other party may elect to regard the agreement to compromise as rescinded, and may proceed on the original cause of action. *McElrath* v. *United States,* 102 U. S. 426, 26 L. Ed. 189; *Benson* v. *Larson,* 95 Minn. 438, 104 N. W. 307; *Voight* v. *Voight,* 96 Neb. 465, 148 N. W. 83; *Tomson*

v. *Heidenheimer*, 16 Tex. Civ. App. 114, 40 S. W. 425; *Christensen* v. *Hamilton Realty Co.*, 42 Utah 70, 129 Pac. 412. To illustrate the difference: If A, who claims B owes him $2,000, offers to accept a note of $1,000 in full settlement of the claim and B delivers the note, if it is not paid when due, the suit must be on the note, and not on the original claim. But if B, although promising to deliver the note, fails to do so, A may sue on the original obligation.

With the above rules of law to guide us, let us determine whether the evidence in the present case is of such a nature that plaintiff was entitled to maintain its suit on the original cause of action. We must assume, following our well-established rule, that the trial court took that view of the evidence which would sustain its judgment. Such being the case, we state the facts as follows:

In the summer of 1929 plaintiff herein brought suit in the Federal District Court against defendant for an injunction prohibiting the latter from using its trademark and for $5,000 damages. After one or more interviews between counsel and the parties, at which a tentative arrangement for a settlement was reached, plaintiff wrote a letter to defendant which reads in part as follows:

"In consideration of this agreement we will release you from all claims for damages under the suit which is now pending in the Federal Court, but we are to proceed with the judgment and obtain a decree under the conditions set forth in the complaint, save a claim for damages. . . .

"If this is satisfactory to you I will prepare an agreement under this arrangement and have it ready for your signature and ours when Mr. Hilzinger returns from California on Thursday of next week. You understand of course, that the agreement must conform to our license from the Popsicle Corporation so as to avoid any infringement of their rights and avoid litigation."

The same day defendant's counsel wrote a letter to plaintiff stating his understanding of the terms of the arrangement, and concluding as follows:

"If you will make papers to this effect, and have them ready when I return from California about Thursday, we can go over same and arrange for signatures."

In accordance with these letters, on August 13th judgment was entered in the federal court for a perpetual injunction against defendant's using plaintiff's trademark, but no damages were included or referred to in said judgment. Thereafter plaintiff's attorneys prepared an agreement and submitted it to defendant, but defendant refused to accept said agreement or execute the same. Defendant had in pursuance of the oral negotiations purchased from plaintiff some $50 worth of supplies but never took any more.

We are of the opinion that on these facts defendant had failed to complete the compromise agreement according to the terms offered. It appears clearly from the letters above quoted from that the tentative negotiations were to be completed by a written agreement signed by the parties, but that defendant, when the agreement was presented to him, refused to sign it. We are of the opinion that under these circumstances plaintiff was entitled to repudiate the compromise and sue on the original cause of action. *Van Olinda* v. *Whitehead Bros. Co.,* 168 App. Div. 589, 154 N. Y. Supp. 339.

The third question raised is as to the admission and rejection of certain evidence by the trial court. Defendant insisted strenuously that no evidence was admissible as to damages before the date of the judgment in the federal court, on the theory we have above stated. Since, as we have held, plaintiff was entitled to sue on the original cause of action, the court properly admitted the evidence objected to. The court refused to admit evidence on behalf of defendant as

to whether he was willing to operate his plant under a license from plaintiff and as to whether he was still operating it. Since defendant refused to consummate the compromise agreement, it was immaterial in this action as to whether he was willing to operate under a license from plaintiff, or whether he was still operating in defiance of the injunction. In view of his admissions the sole question in dispute was the amount of damages.

The evidence on this issue was somewhat vague in its nature. Defendant, however, gave testimony which might reasonably be construed to show that he profited by selling goods bearing plaintiff's trademark in a sum greater than that allowed by the court as damages. The rule of law as to the measure of damages in a case of this kind is that defendant will be held to account for the profits derived from the unauthorized use of the trademark. *Graham* v. *Plate*, 40 Cal. 593, 6 Am. Rep. 639; *Nelson* v. *J. H. Winchell & Co.*, 203 Mass. 75, 23 L. R. A. (N. S.) 1150, 89 N. E. 180; *Stonebraker* v. *Stonebraker*, 33 Md. 252.

We have considered the other points raised by defendant, but we think it unnecessary to discuss them in view of our rulings as set forth above.

For the foregoing reasons the judgment of the superior court of Pima county is affirmed.

McALISTER, C. J., and ROSS, J., concur.