[Civil No. 3619. Filed January 13, 1936.]

[53 Pac. (2d) 411.]

J. F. MORENO, as Trustee of National Gold Corporation, a Corporation, Appellant, v. J. E. RUS-SELL, Appellee.

Mr. Leo T. Stack, for Appellant.

Mr. J. E. Russell, Appellee *pro se.*

LOCKWOOD, C. J.—This is an action filed by J. E. Russell, hereinafter called plaintiff, against National Exploration Corporation, a corporation, hereinafter called the Exploration Company, and National Gold Corporation, a corporation, hereinafter called the Gold Company. The Gold Company went into bankruptcy while this suit was pending, and J. F. Moreno, the trustee in bankruptcy, was substituted as party defendant.

There are four counts in the complaint, but as only one of them is discussed in the briefs we shall consider only that one. It alleges, in substance, that plaintiff is an attorney at law, and that the two defendants are corporations; that the Exploration Company acquired a contract of purchase on some mining property in Yavapai county, and operated the property for some time, but fell into financial difficulties, and in September, 1932, was reorganized. The manner of reorganization was alleged to have been as follows: The Gold Company was formed and it proceeded to exchange its stock with all the stockholders of the Exploration Company at the ratio of one share of Gold Company for five shares of Exploration Company. The Gold Company then took over all the property formerly belonging to the Exploration Company. At the time of the reorganization the Exploration Company was indebted to plaintiff upon an account stated for legal services performed in the amount of $1,860.97. There was then certain

litigation pending in which the Exploration Company was interested, and plaintiff, in his capacity as attorney, settled such litigation; his services being alleged to be reasonably worth $300. The prayer for recovery was for the $1,860.97, with interest from September 1, 1932, the time at which the account was claimed to have been stated, and for the $300 with interest from March 1, 1933, the time at which the litigation for which the fee was claimed was disposed of. Defendants answered with a general denial. In addition thereto, the Exploration Company, not waiving its general denial but as a further answer, alleged that about the 22d day of September, 1933, plaintiff, by an instrument in writing,

"duly cancelled one certain account with this defendant for the sum of two thousand one hundred sixty and 97/100 dollars ($2,160.97), which said account was composed of the sum of $1,860.97 for services stated to have been theretofore rendered and expenditures theretofore made on behalf of this corporation, and the sum of $300.00 for services stated to have been rendered in procuring the favorable disposition of one certain appeal case, '*Midnight T.* v. *Linesba et al.*', which said sums are the sums mentioned in paragraph III of the first cause of action contained in said complaint";

and alleged such cancellation to be a full discharge from any liability. Plaintiff replied to the separate answer as follows:

"That he denies the truth of the allegations of fact as set forth in said separate answer of National Exploration Corporation, and alleges the facts to be, that on or about the 22nd day of September, 1933, W. W. Linesba, general manager of National Gold Corporation came to plaintiff office and requested the release of the indebtedness of the National Exploration Corporation to plaintiff; that plaintiff then and there agreed to release said indebtedness upon the consideration that plaintiff be continued as counsel

for National Gold Corporation for the ensuing year at the then retainer of one hundred dollars per month and that said retainer be paid promptly each month which agreement was duly accepted by said W. W. Linesba for and on behalf of said National Gold Corporation, and plaintiff then and there receipted and released said indebtedness for said consideration; that said National Gold Corporation did not keep its said agreement, but on the 15th day of December, 1933, discharged plaintiff as its counsel and paid him up to December 15th, 1933, and no more, and, therefore, as a matter of law the consideration for said release pleaded by defendant, National Exploration Corporation, totally failed, and under the authority of the case of *Barbara Development Corporation et al.* v. *Jordan* [37 Ariz. 497], 295 Pac. 782 (Arizona), the consideration for the release was rescinded by defendant and plaintiff was placed in a position where he could lawfully treat such as a rescission of the settlement and proceed upon the original claim.''

Defendants thereafter filed the following pleading:

''Come now the defendants above named and without waiving their answers heretofore filed herein, but for a further and additional answer to the first cause of action contained in plaintiff's complaint and plaintiff's reply to defendants' answer, admit, deny and allege as follows:

''I. Defendants deny that the release and cancellation referred to in their answer was made upon the consideration of plaintiff's retention as counsel for defendants, or either of them, for the term of one year, or for any other length of time; deny that any such agreement was made, and allege that plaintiff was, at and before the cancellation of said account, retained by these defendants as legal counsel on a month to month basis, and that such employment was terminated for cause.

''Defendants further allege that the sole consideration for said cancellation and release was the cancellation and release by various other individual creditors of said National Exploration Corporation of their claims against said corporation, and that such can-

cellation and release was final and conclusive when made.''

The case came to trial before a jury and voluminous evidence was taken; many objections to the introduction of evidence were made by each party; motions for an instructed verdict in favor of the defendants were made both at the close of plaintiff's case and at the end of all of the evidence, and by the court denied; and the jury returned a general verdict in favor of plaintiff. Judgment was thereafter rendered on the first cause of action for the sum of $300, with interest at 6 per cent. from March 1, 1933, and the sum of $2,160.97, with interest thereon from September 1, 1932, whereupon this appeal was taken by Moreno as trustee.

There are ten assignments of error raising several legal propositions, which we consider as seems advisable.

 It is defendant's theory that the pleadings and the evidence show a compromise and settlement of plaintiff's original cause of action for legal services rendered and, such being the case, plaintiff's remedy, if any, was not a suit on the original account but one for breach of the contract of settlement. It is plaintiff's contention, on the other hand, that they show, if anything, an accord and satisfaction in which the satisfaction was not carried out according to its terms, and that he could, therefore, repudiate the accord and sue on the original cause of action. The principles of law applying to these mutual contentions are set forth by us in the case of *Cano* v. *Arizona Frozen Products Co.*, 38 Ariz. 404, 300 Pac. 953, 954, as follows:

''There are two forms of settlement of matters in dispute between parties. The first is called an 'accord and satisfaction.' An 'accord' is an agree-

ment whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of the claim, liquidated or in dispute, something other than or different from what he is or considers himself entitled to, and a satisfaction is the execution of such an agreement. 1 C. J. 523. A 'compromise and settlement,' on the other hand, is an agreement between two or more persons who, in order to avoid a lawsuit, amicably settle their differences on such terms as they can agree on. 12 C. J. 314. The vital distinction which is usually made between a compromise and settlement on the one hand, and an accord and satisfaction on the other, is that while an accord which has not been executed does not afford a bar to the original action, a valid compromise agreement, although executory, operates as such a bar. *Memphis* v. *Brown*, 20 Wall. (87 U. S.) 289, 22 L. Ed. 264; *McCoy* v. *Milbury*, 87 N. J. L. 697, 94 Atl. 621; *Flegal* v. *Hoover*, 156 Pa. 276, 27 Atl. 162; 12 C. J. 315.''

Applying these principles to the pleadings, we are of the opinion that they show an accord and satisfaction rather than a compromise. Plaintiff alleges his employment and the account stated thereon, together with an additional claim for $300 on *quantum valebat*. Both defendants answer with a general denial, and defendant Exploration Company, for whom the services were alleged to have been rendered originally, further answers setting up that the account was cancelled by a written instrument. This is a plea in confession and avoidance, admitting the original liability of $2,160.97, but claiming that it had been fully satisfied. Plaintiff replied admitting the release and claiming that in payment of his undisputed claims he had agreed to accept something different from the money to which he was entitled. Defendant Exploration Company answered the reply and did not deny that the amount in dispute was originally owed by it, but claimed that the consideration for the written release was not a guaranty of employment, as claimed

by plaintiff, but the cancellation and release by other creditors of debts owed them by the Exploration Company, and further that plaintiff's employment was terminated for cause.

It will be seen by this recital of the substance of the pleadings that nowhere therein was there any affirmative allegation that there was a dispute between the parties as to the amount due plaintiff for legal services and that in order to avoid a lawsuit they amicably settled their dispute as to the true amount, each conceding part of its claim. The statement is that plaintiff agreed to accept something different in payment of the undisputed indebtedness from that to which he was entitled. This is an accord and satisfaction, and not a compromise and settlement. It is urged by defendants that the general denial is of itself sufficient to. raise the issue of whether there was a compromise and settlement rather than an accord and satisfaction. We think, however, that the general denial, going only to the original complaint, merely had the effect of putting plaintiff on proof of the fact that there was an account stated between him and the Exploration Company for the $1,860.97, and that the reasonable value of the additional services which he claimed he had performed was $300. We have examined the transcript of the evidence with care. Plaintiff testified fully as to the account, and there was no evidence offered in contradiction of his statement on this point. We think that on the pleadings and the evidence defendants failed to raise the issue of compromise and settlement, and plaintiff was entitled to go to the jury on the theory that there had been an accord, but that the satisfaction thereof had failed and that he could sue upon the original account.

The second question is whether the evidence is sufficient to show that the Gold Company was really a reorganization of the Exploration Company under

another name and, therefore, as a matter of law, liable for the debts of the Exploration Company. We think this question must be answered affirmatively.

■ We come then to the three defenses which are raised by the pleadings. The first is that at the meeting wherein the Exploration Company was reorganized, plaintiff voted affirmatively in favor of a resolution that under such reorganization the Gold Company should not be liable for the debts of the Exploration Company. If he did so vote, he would, of course, be estopped from asserting his claim against the Gold Company. The evidence on this point is in sharp conflict, and the jury has resolved the conflict in favor of plaintiff. We are bound by its action in this respect.

The second is that the true consideration for the release was the release of the Exploration Company by certain other creditors from debts owing them. Again the evidence is in conflict, and the jury's finding must necessarily be sustained.

The third defense is that the plaintiff was discharged from his employment by the Gold Company for cause. This issue was submitted to the jury, and by it resolved in favor of plaintiff, on evidence which was sufficient to sustain the verdict.

■ The only question remaining then is whether the court erred in the admission or rejection of evidence, and whether the jury was properly instructed on the issues. Defendants objected to the introduction in evidence of Plaintiff's Exhibits 1, 2, and 3. These exhibits do not appear in the abstract of record, nor does it appear therein that they were properly omitted in accordance with subdivision 9 of rule 4. We, therefore, do not consider that assignment.

■ It is also claimed that the court erred in rejecting evidence offered by the Gold Company that

the plaintiff was discharged for cause and the reasons therefor, but the assignment does not set forth just what evidence on this point the court rejected. Evidently there must have been some evidence on the issue admitted, because the court instructed the jury that if the plaintiff had given good cause for his dismissal, its verdict must be for the defendants. In the absence of something in the assignment of error which points out with reasonable certainty what evidence was offered and rejected on this point, we cannot consider the matter.

 There remains only the question as to whether the jury was properly instructed as to the law of the case. We have examined the instructions given, and while it is possible that they might have been worded a little more clearly in some respects, we are satisfied that they stated the law with substantial accuracy and that the jury was not misled thereby. Nor was there error in refusing the instructions asked for by defendants. The issue of compromise and satisfaction was not before the jury on the pleadings and the evidence, and while an instruction in regard to whether or not the true consideration for the release executed by plaintiff was the release by other creditors of the Exploration Company of indebtedness due them would have been proper, the instruction on that point asked for by defendants was so interwoven with erroneous matter that we cannot say it was error to refuse it. The court is not required to take a requested instruction; separate therefrom the erroneous parts, and then give those which correctly state the law. *Catts* v. *Phalen,* 2 How. 376, 11 L. Ed. 306; *Strickland* v. *State,* 37 Ariz. 368, 294 Pac. 617; *Rain* v. *State,* 15 Ariz. 125, 137 Pac. 550. It does appear, however, that the judgment is excessive in that the judgment for the item of $300 for services

to the Exploration Company after the rendering of the account stated, was duplicated in the judgment on the account stated.

The judgment, therefore, is modified by striking therefrom the language "the further sum of $2,160.97 with interest thereon from September 1, 1932," and substituting the following language, "the further sum of $1,860.97 with interest thereon from September 1, 1932," and, as so modified, is affirmed. Defendant will recover its costs in this court.

McALISTER and ROSS, JJ., concur.