[Civil No. 897.    Filed March 30, 1906.]

[85 Pac. 399.]

ANNA WILLIAMS, Defendant and Appellant, v. RICHARD JONES, Plaintiff and Appellee.

1. APPEAL AND ERROR — RECORD—REVIEW — EVIDENCE — SUFFICIENCY— PRESUMPTIONS.—Where the record on appeal does not contain several exhibits, consisting of notes sued upon, presented in evidence with credits indorsed thereon, and these credits influenced the court in calculating and applying the credits claimed by defendant as credits on the notes, the court will not review the sufficiency of the

evidence, the presumption being that the evidence presented to the lower court was sufficient to sustain the findings of the court.

2. SAME—REVIEW—TRIAL — DISCHARGE OF JURY — CONSENT OF PLAINTIFF.—Defendant will not be heard on appeal to question the ruling of the trial court in discharging the jury in an action upon a promissory note, on his own suggestion, defendant's counsel concurring, provided he was permitted to present some letters which were admitted.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Navajo. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

J. E. Jones, for Appellant.

E. E. Ellinwood, and F. C. Reid, for Appellee.

DOAN, J.—The plaintiff, appellee, brought suit in the lower court against the defendant to recover on five certain promissory notes of different dates and amounts. After the answer was filed, the plaintiff filed an amended complaint and a demand for an itemized statement of the affirmative matters pleaded in the answer. Such itemized statement mentioning the different amounts claimed as payments on the notes sued for was filed by the defendant, and at the October term, 1904, the cause was submitted to the court, and the defendant's demurrer was sustained to the first cause of action, being the first note sued on, and was overruled as to the second. A jury was impaneled to try the cause, but after part of the evidence had been introduced the court ruled that a jury was not necessary to pass upon the issues presented, and the jury was thereupon discharged. Thereafter the cause was tried to the court, and a judgment rendered in favor of the plaintiff for part of the amount sued for, from which judgment defendant has appealed, and has assigned as errors: "(1) That the judgment is contrary to the law and the evidence; (2) that the evidence does not sustain the judgment; (3) that the court erred in not allowing the defendant to testify as to the amount of money borrowed of plaintiff, and the amount of money she had paid him, and in not allowing her to explain as to the man-

ner of giving the new notes, and the defendant keeping
back the old notes; (4) that, upon request of defendant, a
jury was impaneled, and, after a portion of the evidence
was introduced, the court ruled that a jury was not neces-
sary, and discharged the same to the defendant's injury,
as there were disputed issues at trial; (5) that the court
erred in refusing to permit defendant to testify as to the
manner in which plaintiff induced the defendant to execute
the notes sued on, or to explain in any manner that the same
covered an old indebtedness and how they were paid."

The record presented to this court contains the transcript
of the oral testimony, but does not contain the exhibits
referred to in the testimony, which were admitted in evi-
dence, and on which, in part, the court based its findings
and judgment. We learn from the testimony of the plain-
tiff and defendant, who were the only witnesses examined in
the case, that several exhibits, consisting of the five notes
sued upon, and several other notes that had been given at
other dates, were presented in evidence with the dates and
amounts of the several payments indorsed thereon as credits
at different times after the giving of the notes sued upon,
and before the date of the trial, and these credits influenced
the court in calculating and applying the payments claimed
by defendant as credits on the notes sued upon. We have
not these exhibits, and without the information they would
furnish, we cannot review and pass upon the sufficiency of
the evidence in the case. Not having all the evidence before
us, the presumption is that the evidence presented to the
lower court was sufficient to sustain the findings of the
court. This will dispose of the first and second assignments
of error.

The third assignment alleges that "the court erred in not
allowing the defendant to testify as to the amount of money
borrowed of plaintiff, and the amount of money she had paid
him, and in not allowing her to explain as to the manner
of giving the new notes, and the defendant keeping back
the old notes." The record does not disclose any ruling of
the court against the defendant on these subjects. The
assignment, therefore, is not well taken.

The fourth assignment, that "the court ruled that a jury
was not necessary, and discharged the same to defendant's

injury," is not properly presented to us for review. A ruling of the court discharging the jury in the case, if made over the objection of the defendant, and an exception saved to the ruling, would be reviewed by this court. In this instance, the record not only fails to disclose any objection on the part of the defendant and any exception to the overruling of such objection, but affirmatively shows that the counsel for defendant consented to the discharge of the jury, his language being: "We are perfectly willing that the jury should be discharged, if we may be permitted to bring in the whole matter. We have some letters we desire to bring in for inspection." The testimony of witnesses, and the language of counsel in the presentation of such testimony, shows that the letters referred to were presented to the court and went into the record, but, like the other exhibits, have not been brought up on the appeal. The record shows that the plaintiff admitted all of the payments set up in defendant's itemized statement, except three, and the court found those three in favor of the defendant.

The fifth assignment, that "the court erred in refusing to permit the defendant to testify as to the manner in which plaintiff induced the defendant to execute the notes sued on, or to explain in any manner that the same covered an old indebtedness, and how they were paid," is not sustained by the record. Upon an examination of the testimony presented in the bill of exceptions and the reporter's transcript, we do not find any ruling of the court excluding any testimony offered by the defendant on either of these points, but, under the character of the pleadings, the execution of the notes having been admitted in the answer, and payment alleged and no plea of fraud or want of consideration having been presented, if such testimony had been offered and excluded, the ruling of the court would have been eminently proper.

No error appearing in the record, the judgment of the lower court is affirmed.

KENT, C. J., CAMPBELL, J., and NAVE, J., concur.