ARZUAGA et al. v. GONZALEZ et al.

(Circuit Court of Appeals, First Circuit.  January 12, 1917.)

No. 1239.

PRINCIPAL AND AGENT ☞171(9)—AFFIRMANCE OF CONTRACT—EFFECT.

For one, knowing all the facts, to sue her agent for the money received by him on a sale he had made on her behalf, is an affirmance of the sale, whereby she waives right to maintain action to avoid it on the ground of his lack of authority or fraud.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 655; Dec. Dig. ☞171(9).]

Appeal from the District Court of the United States for the District of Porto Rico; Hamilton, Judge.

Suit by Isabel Gonzalez y Gonzalez and another against Francisco Arzuaga e Izaguirre and others.  From an adverse decree, defendants appeal.  Reversed and remanded, with directions.

Francis H. Dexter, of San Juan, Porto Rico (Jacobs & Jacobs, of Boston, Mass., on the brief), for appellants.

Jos. Anderson, of San Juan, Porto Rico (J. Weston Allen and Henry W. Packer, both of Boston, Mass., on the brief), for appellees.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge.  This is a bill in equity brought by Isabel Gonzalez, a citizen of Porto Rico, against the defendants, José Ignacio Arzuaga and Francisco Arzuaga, subjects of his majesty the king of Spain, and against the heirs composing the succession of Juan Bautista, seeking the cancellation of a deed dated January 12, 1907, alleged to have been given by the plaintiff's agent, without authority and through fraud of her rights, to the said José Ignacio Arzuaga and Francisco Arzuaga; the half interest of José Ignacio Arzuaga having been conveyed by him August 10, 1908, to Juan Bautista, who has since died. In the District Court a decree was entered in favor of the plaintiff, and the defendants appealed, assigning various errors.

It appears: That the plaintiff, in 1898, and before her marriage, acquired a certain farm in the district of Loiza, Porto Rico, known by the name of "Lot Sixteen."  That on the 27th day of November, 1905,

the plaintiff, her husband, Juan de la Mata Silva, being absent, and his whereabouts unknown, and having left at the time of his departure a commercial establishment known as "El Sol," executed a power of attorney constituting her uncle, Rodolfo Gonzalez, her agent. That the power of attorney recites that:

"She has decided to give and confer to her uncle * * * the most absolute and effective power of attorney, not only for the purpose that he represents her in all the matters concerning her private property, but also in everything in connection with the share that her husband has in the mercantile establishment aforesaid, giving him further the following special powers: To make loans of sums in cash, whether with interest or not, stipulating the agreements that he might deem proper in regard to the payment thereof. To incumber the property of his principal with mortgages as security for the loans that he may contract, with all the requisites and formalities that might be necessary according to law, and which might be required. To cancel and redeem mortgages which exist on the property belonging to her. To sell the real or personal property or live stock owned, or that may hereafter be owned, by the maker of this document, for which her attorney shall endeavor to get the best price, and for the sale of a rural estate or property which she owns in the district of Loiza, known as 'Lot Sixteen,' before effecting which sale he shall receive her written consent."

That on the 3d day of January, 1906, said Rodolfo Gonzalez, acting in pursuance of said power of attorney, procured a loan for the benefit of the plaintiff in the sum of $4,000 from said José Ignacio Arzuaga and Francisco Arzuaga, one-half of said amount being payable to each of them on the 3d day of January, 1910, and secured the loan by a mortgage in their favor on the farm in Loiza, known as "Lot Sixteen." That on January 12, 1907, while the mortgage was still in existence, Rodolfo Gonzalez, purporting to act in pursuance of said power of attorney, executed a deed of the farm known as "Lot Sixteen" to José Ignacio Arzuaga and Francisco Arzuaga for the sum of $5,500, the same to be paid by a cancellation of the mortgage of $4,000 existing in favor of the purchasers and a cash payment of $1,500. That in the authentication of the deed, making it a public instrument, the notary stated that:

"The attorney in fact of the vendor states that he has secured the consent in writing of his principal to effect this sale, as shown in the power of attorney under which he acts; that the other incumbrances on the property have been canceled, and that there is no necessity for the attendance of the absent husband, as the property referred to herein was acquired by the vendor before her marriage."

That in procuring the sale and consummating the trade for the farm the defendants, José Ignacio and Francisco Arzuaga, were represented by their agent, Juan José Arzuaga, who, at the time of the trial of the cause, was dead. That upon procuring the deed, Juan José Arzuaga, in behalf of his principals, caused the mortgage held by them to be canceled and the sum of $1,500 to be paid to the plaintiff's agent, Rodolfo Gonzalez. That upon offering the deed for registration in the public records the registrar declined to enter the same upon the records without the presentation of the written consent of the plaintiff called for in her power of attorney; and that, on the 9th day of May, 1907, a letter purporting to be the consent of the plaintiff and reading as follows:

"San Juan, January 2, 1907.

"Dear Godfather: I am agreeable to the sale which you propose to me of the rural property in Loiza, known as lot number 16, by virtue of which I authorize you to sell.          I remain your affectionate godchild,

"Isabel G. de la Mata.

"Don Rodolfo Gonzalez."

—was duly authenticated as a public instrument before the same notary before whom the deed was authenticated, and as a supplement to the deed.

It also appears that, on the 14th day of August, 1905, the plaintiff, represented by her husband, Juan de la Mata Silva, leased the farm known as "Lot Sixteen" to a mercantile firm, doing business under the name of Sobrinos de Ezquiaga, for six years, from the 2d day of June, 1907 (when an old lease under which they were then occupying the property would expire), with an option on the part of the lessees to renew the same for six additional years by giving six months' notice, at a rental of $400 per year, payable monthly at the rate of $33.33⅓ per month, that in the mortgage given by the plaintiff to the defendants, it was provided that the interest on the loan, amounting to $30 a month, should be payable out of the rent, and that the same should be paid monthly by the mercantile firm of Sobrinos de Ezquiaga to the mortgagees.

The plaintiff's contention was, and her evidence tended to prove, that she was practically blind, and was not aware of the sale of the farm by her agent until the latter part of May or early in June, 1907; that if she signed the written consent of January 2, 1907, she did not do so knowingly, but on the representation of her agent, Rodolfo Gonzalez, that it was a letter addressed to the lessees of the farm requesting them to increase the rent (which she understood they had agreed to do) to $70 a month; that her discovery in May or June, 1907, that the farm had been sold came about by her going to the mercantile firm of Sobrinos, to learn from them further in regard to the matter of increasing the rent; that shortly after learning of the sale, and in the month of June, 1907, she revoked the authority of her agent, Rodolfo Gonzalez, and shortly thereafter received a renunciation of his power of attorney; that accompanying the renunciation were two notes, each payable to the plaintiff, one for $1,200, signed by José Cazuela Geigel, and the other for $434, signed by José E. Lucero; and that her agent, Rodolfo Gonzalez, stated that these notes represented the $1,500 cash balance of the sale which he had loaned for her to the parties named in the notes. She also claimed and introduced evidence tending to show that the farm was worth from $10,000 to $14,000, and that Juan José Arzuaga, agent for the purchasers, knew that it was worth more than the price agreed upon in the deed.

The defendants claimed, and their evidence tended to prove, that at the time the sale was made the plaintiff was in straitened circumstances and in need of money; that the written consent of January 2, 1907, was signed in the plaintiff's handwriting; that the price agreed upon was not inadequate; that the parties to the mortgage had set the value of the property at $6,000, at which it should be taken in case of foreclosure; and that in no event, as the farm was incumbered with a lease

for six years from June 2, 1907, with a right of renewal for six years more at the option of the lessees, was it worth more than $6,500 or $6,600, and such being the case, the price fixed in the sale could not be regarded as grossly inadequate and indicative of fraud on the part of the defendants or any of them.

The defendants also took the position that the plaintiff's signature to the written consent of January 2, 1907, was not procured through the fraud and deceit of her agent, Rodolfo Gonzalez, and offered evidence tending to show that she recognized the validity of his acts in making the sale, and claimed the benefit of them, and that, if her signature was procured through the fraud and misrepresentation of her agent, she afterward ratified and adopted his acts in making the sale by claiming its benefits, and waived her right, if any, to maintain this suit for the cancellation of the deed.

It appears that, after revoking the power of attorney given to Rodolfo Gonzalez, the plaintiff authorized her husband, Juan de la Mata Silva, to take such action in her behalf as might be deemed necessary to protect her rights, in view of the action of Rodolfo Gonzalez in making the sale of the farm, and that, in pursuance of such authority, he consulted an attorney at law with this object in view; that, prior to doing this, to wit, on the 21st day of June, 1907, he procured from the notary a copy of the public instrument in which the deed of January 12, 1907, had been authenticated, by which he became fully aware of the terms of the sale and the authority under which Rodolfo Gonzalez had acted in making the same; that thereafter, on the 19th day of April, 1909, the plaintiff, acting through her husband and agent, and in pursuance of legal advice, caused a suit to be brought in her name against Rodolfo Gonzalez, in the district court of San Juan, to recover the sum of $1,500, in which she set forth the power of attorney given by her on the 27th day of November, 1905, to Gonzalez, and stated that on the 12th day of January, 1907, said Gonzalez, as her attorney in fact, sold to José Ignacio and Francisco Arzuaga the farm which she owned, in the district of Loiza, for the amount of the mortgage, $4,000, and a cash payment of $1,500; that with the intention of defrauding the plaintiff the said Gonzalez "simulated that he had loaned the said one thousand five hundred (1,500) dollars, cash balance of the sale," and had taken therefor the two notes in her favor, hereinabove referred to, for $1,200 and $434; that he was not authorized to make loans, and much less to effect transactions such as above set forth; and that, by reason of the acts aforesaid, plaintiff had "not received the cash balance of the sale, amounting to the sum of $1,500, and prayed judgment for the same.

It further appears that, during the pendency of the suit against him, Rodolfo Gonzalez, on the 17th day of August, 1909, filed a voluntary petition in bankruptcy in the District Court of the United States in the District of Porto Rico, and was adjudged a bankrupt, and that, on the 20th day of October, 1909, the plaintiff, through her attorney at law, appeared at the first meeting of creditors and proved, and had allowed, a claim against the bankrupt for the sum of $1,600.

It also appears that after Rodolfo Gonzalez had gone into bankruptcy, the plaintiff's husband on the 30th day of March, 1910, swore

out a complaint charging that Rodolfo Gonzalez, on or about the 15th day of May, 1907, embezzled and converted to his own use the money which he had received from the sale of the farm in his capacity as agent for the plaintiff.

In view of the evidence presented it seems to us that the defendants, José Ignacio and Francisco Arzuaga, were not guilty of fraud in purchasing the property, and that, if any fraud was perpetrated upon the plaintiff, it was brought about by her agent, Rodolfo Gonzalez, in procuring her signature to the document of January 2, 1907. There is certainly no evidence in the case that would justify us in finding that the farm, subject to the incumbrance of a lease of from six to twelve years, was sold at a grossly inadequate price; and the values testified to by plaintiff's witnesses were, without doubt, based upon an unincumbered title. This appears to be the view taken by the court below, for in the opinion where this question is considered that court does not find that the defendants were guilty of fraud, but that the circumstances were such that they were put upon inquiry as to the authority exercised by plaintiff's agent.

If it be assumed that the plaintiff's signature to the written consent of January 2, 1907, was procured by her agent, Rodolfo Gonzalez, through fraudulent representations, the question is whether, under all the circumstances above set forth, the plaintiff ratified and adopted his acts in effecting the sale, and, by bringing suit against him for the $1,500, waived her right to maintain this action for a cancellation of the deed.

The doctrine of election and waiver is applicable where an aggrieved party has two remedies by which he may enforce inconsistent rights growing out of the same transaction; and, being cognizant of his legal rights and of such facts as will enable him to make an intelligent choice, brings his action by one of the methods. Under such circumstances the law says he shall not thereafter adopt the alternate remedy, and that the defendant against whom the action is brought is estopped to show the true nature of the act or acts complained of to defeat the suit. Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52; Noyes v. Edgerly, 71 N. H. 500, 504, 53 Atl. 311, and cases there cited. An election presupposes the existence of at least two remedies from which a choice may be made for the enforcement of inconsistent rights. It is not enough that the party supposes he has them; he must have them in fact.

Before the plaintiff brought the action against her agent, Rodolfo Gonzalez, for the $1,500 received by him in the sale of the land, she could have elected either one of the following remedies for the enforcement of her rights: She could have decided to bring an action of assumpsit against her agent for the $1,500, thereby affirming the sale, or to bring the present proceeding against the defendants for a cancellation of the deed based upon her agent's fraud or want of authority in making the sale. But by adopting either course, and being aware of all the facts necessary to a free choice, she would be bound by her election and would waive her right to pursue the other.

It is apparent from the evidence that the plaintiff, at the time she brought the suit against her agent, was aware of all the facts essential

to a choice of the remedies that were open to her. That suit was brought in 1909, some two years after she knew that the sale had been made, and at which time she was aware of the terms of the sale and the conditions under which it took place; for her husband, who was then acting as her agent, had long before procured a copy of the public instrument in which the terms of the sale were set forth. In fact, the terms of the sale in substance were embodied in the complaint stating her cause of action in the suit brought against the agent. She also, at that time, knew whether her written consent to the sale had been procured or not. If it had not been procured, or had been obtained fraudulently, she had no right to the purchase money, unless she affirmed the sale. By bringing the suit for the purchase price, knowing all these facts, she must be held to have affirmed the sale and waived her right to maintain the present proceeding based upon a disaffirmance of the sale.

The decree of the District Court is reversed, the case is remanded to that court, with instructions to enter a decree for the defendants below, and the appellants recover their costs in this court.

$\Longleftrightarrow$For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes