176 P.2d 693

**JULIAN v. CARPENTER.**

No. 4901.

Supreme Court of Arizona.

Jan. 20, 1947.

Udall & Merrill, of Safford, for appellant.

Anderson & Smith, of Safford, for appellee.

UDALL, Judge.

This appeal is from a judgment for $1,221 in favor of the plaintiff (appellee), a farmer, and against the defendant (appellant), a handler of field-grown crops. The suit involved the recovery of payment for 88,800 pounds of yellow globe onions grown by plaintiff. Plaintiff's amended complaint set up alternative causes of action. The first cause was predicated upon a sale and delivery under a written vegetable contract. The second relied upon a bailment and a conversion thereunder. The amount asked for under the two counts was identical. The defendant's answer was a general denial to each count. Judgment was entered for the full amount asked without the court specifying whether judgment was being awarded upon the contract or upon the bailment.

One of the principal matters alleged as error was the failure of the trial court to state the basis of its ruling by making findings of fact and conclusions of law as required by Sections 21-1027 and 21-1028, A.C.A.1939. The facts are that this case was tried to the court without a jury on November 19, 1945, and thereafter on December 12, 1945, the court by appropriate minute order directed the entry of judgment. The request for findings of fact was not made until three days after the judgment had been entered. This court, in an unbroken line of decisions commencing with the case of Deatsch v. Fairfield, 1925, 27 Ariz. 387, 233 P. 887, 38 A.L.R. 651, has consistently held that a request for findings of fact comes too late to be made the basis of error for non-compliance therewith if made after judgment is rendered.

■ In fairness to the trial court such a request should be made when the case is submitted for decision. Connor Livestock Co. v. Fisher, 32 Ariz. 80, 255 P. 996, 57 A.L.R. 196; Aldous v. Intermountain Bldg. & Loan Ass'n, 36 Ariz. 225, 284 P. 353; Morgan v. Krook, 36 Ariz. 133, 283 P. 287; Schwartz v. Schwartz, 52 Ariz. 105, 79 P. 2d 501, 116 A.L.R. 633. We see no occasion to depart from this salutary rule and hence find that this assignment is without merit.

From the time this action was filed the defendant has challenged the right of the plaintiff to employ alternative pleadings and he now assigns as error the court's denial of his motion to dismiss the amended complaint in so far as it prays for inconsistent relief. It is his contention that the plaintiff should have been required to elect whether to proceed on contract or bailment.

■ Section 21-408, A.C.A.1939, reads in part:

"A party may set forth two [2] or more statements of a claim * * * alternatively * * * either in one [1] count * * * or in separate counts * * *." from which it would appear that a party may state as many separate claims as he has regardless of consistency. The rule is clearly stated in 41 Am.Jur., Pleading, Sec. 357:

"As a general rule, a plaintiff, when uncertain as to which of two or more grounds of recovery he will be able to prove, is allowed to present his claim by separate counts so framed as to meet the exigencies of the case as it may develop at the trial, and although he has only a single cause of action arising from a single transaction, he will not be required to elect upon which count he will stand. In such a case, election is frequently impossible until the facts are developed in the trial of the case, * * *."

■■ The California Court of Appeals in the case of Horstman v. Krumgold, 55 Cal.App.2d 296, 130 P.2d 721, held that a litigant, who has stated the facts in different counts, so as to meet any possible developments in the evidence, may not be required to elect between the various causes of action presented *either before the trial or at the close of the case*. The applicability of that ruling to the present case seems apparent. Here the plaintiff set forth his case in separate counts so that he might be able to recover on one count or the other, regardless of the position taken by the defendant, and he was not required to elect. See also Long v. Archer 221 Ind. 186, 46 N.E.2d 818; Lee-Schermen Realty Co. v. Rueffel, Mo.App., 176 S.W.2d 655; Bank of Italy Nat. Trust & Sav. Ass'n v. Spicer, 115 Cal.App. 612, 2 P.2d 42; Goldwater v. Oltman, 210 Cal. 408, 292 P. 624, 71 A.L.R. 871. In fact under Section 21-1203, A.C.A.1939, it is provided that a judgment shall grant the relief to which a party is entitled even though he has not demanded such relief in his pleading.

On appeal the party employing alternative pleading need not show that both theories are sustained by his evidence or at his peril determine which theory was adopted by the trial court and justify it. In the absence of findings of fact, the judgment of the trial court will be sustained, if it can be sustained upon any theory, which is within the issues and is supported by the evidence, Phœnix Safety Investment Co. v. James, 28 Ariz. 514, 237 P. 958. There was no error in denying defendant's motion to dismiss both causes of action at the close of the entire case.

The evidence in the plaintiff's case in chief had mostly to do with the contract set forth in his first cause of action. Cross examination of the defendant's witnesses as well as rebuttal testimony developed facts pertinent to the bailment theory set forth in the second cause of action. Thereafter the court permitted the plaintiff to re-open his case and present additional direct testimony on this theory. This action is assigned as error.

Section 21-1016, A.C.A.1939, expressly authorizes such procedure and gives the court some discretion. This section provides:

"The court may at any time before the conclusion of the argument, where it appears necessary to the due administration of justice, allow a party to supply an omission in the testimony, on such terms and under such limitations as the court may prescribe."

This court in the case of De Mund v. Benson, 33 Ariz. 374, 265 P. 84, held that it was not error to permit the defendant to supply evidence material to his case and to re-open the trial for that purpose. Full latitude was given both parties to develop all of their facts. The trial court did not err in allowing the plaintiff to re-open his case.

The assignment that the evidence failed to warrant or justify any judgment in favor of the plaintiff can be readily disposed of by stating that the burden was upon the defendant (appellant) to specifically point out wherein the evidence was insufficient. The defendant has failed to assume this burden as in his reply brief he states:

" * * * the appellant, in attempting to brief the facts, is at a loss to point out to the appellate court and designate wherein the evidence failed to sustain the verdict."

There is still another reason why this assignment is without merit and that is that it is the universal rule that an appellate court will not consider the question of the sufficiency of the evidence where the record does not include all of the evidence. Such is the situation here in that another assignment of error was to the admission in evidence of plaintiff's exhibits B, C, D, E, F, G and H, none of which documents were included as a part of the record on appeal. Furthermore, it expressly appears from the reporter's transcript that the defendant stated that he had no

162

objection to the admission in evidence of exhibits B and C.

▆ In order to predicate an error upon the admission of evidence the record must contain the evidence claimed to have been improperly admitted. 3 Am.Jur., Appeal & Error, Sec. 588. See also Title Guaranty Surety Co. v. Nichols, 12 Ariz. 405, 100 P. 825; and Moreno v. Russell, 47 Ariz. 38, 53 P.2d 411. To the same effect is the ruling of this court in Primrock v. Wilson, 55 Ariz. 192, at page 196, 100 P.2d 180, quoting from Ensign v. Koyk, 31 Ariz. 1, 250 P. 246, 247, we stated:

" * * * We think, before we would be justified in setting aside the court's findings and judgment for want of evidence to support them, we should be furnished, in legal and authentic form, all of the evidence submitted to and considered by the court in arriving at its conclusions. If all the evidence is not before us, we will presume that it was sufficient to support the findings and the judgment. This has been the rule in this jurisdiction, and we think it is the rule generally. Wooster v. Scorse, 16 Ariz. 11, 140 P. 819." See also Williams v. Jones, 10 Ariz. 70, 85 P. 399 and 3 Am.Jur., Appeal and Error, Sec. 942.

▆ At the close of the trial the court granted permission to the parties to file briefs. These were filed and thereafter in open court, with attorneys representing both parties being present, the court announced its decision and directed the entering of judgment, which judgment was thereupon entered by the clerk in the civil docket. An objection is now raised to the failure of the clerk to mail notice of entry of judgment as provided by Section 21-1908, A.C.A.1939. We are unable to perceive how the defendant was in any wise prejudiced under these circumstances by the failure of the clerk to perform this ministerial duty.

▆ The further point is made that this judgment was not entered by the clerk in the "Civil order book" prescribed by Section 21-1911. Inasmuch as this was a judgment for money only, we think it was properly entered in the civil docket and was not required to be entered in the Civil order book. This precise question was considered in the case of Southwestern Freight Lines v. Shafer, 57 Ariz. 111, 111 P.2d 625, and the ruling there made is contrary to defendant's contention. We therefore conclude that there was no error in the matter of the entry and docketing of this judgment.

The judgment is affirmed.

STANFORD, C. J., and LA PRADE, J., concur.