210 P.2d 226

**AMEDIO et ux. v. CANAVAN et ux.**
**No. 5150.**

Supreme Court of Arizona.
Oct. 10, 1949.

Robert R. Weaver, of Phoenix, for appellants.

Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, for appellees.

STANFORD, Justice.

Plaintiffs (appellees) brought action in the trial court alleging in substance that in reliance on certain representations made by defendants (appellants), and known by defendants to be false, plaintiffs purchased for $5,000 the good will of the phonograph record and sheet music departments of the Amedio Music Company, owned by defendants. The agreement between the parties provided for the operation of such department by plaintiffs, who agreed to pay the additional sum of $4001.05, representing the inventoried cost of the stock of goods

on hand. It was further agreed that plaintiffs would operate said departments as their own business and would pay all wages, taxes, advertising and other expenses in connection therewith, and pay an additional sum of $1,000 per month to defendants when the gross receipts per month exceeded $2,000. The original $5,000 for the good will of these departments was paid by plaintiffs to defendants, but no payment was ever made for the stock of goods as provided for in the agreement.

We now state the facts adduced at the trial in the light most favorable to plaintiffs. The plaintiffs devoted their full time to the operation of said business from March 3, 1947 to May 17, 1947 and turned over to defendants all moneys received from such operations; that the gross sales of such departments were not as large as had been represented by defendants and that defendants interfered with the operation of such departments. It was further shown that in May, 1947, all parties mutually agreed on a rescission and termination of the agreement and defendants agreed to repay to plaintiffs the $5,000 theretofore paid by plaintiffs for the good will. Defendants retook possession of such departments and paid plaintiffs the sum of $1,000 to apply on the agreed refund of $5,000, but now have refused to pay the balance of $4,000. The complaint was for judgment against defendants for $4,000.

Defendants filed their answer to the complaint denying the allegations set forth therein, and as an affirmative defense alleged that by threats and intimidations the plaintiffs extorted from the defendants the sum of $1,000. Defendants also filed a cross-complaint for the recovery of the $1,000 theretofore paid.

The case was tried before the court without a jury. The court entered judgment for plaintiffs in the sum of $4,000. There were no findings of fact. From said judgment the defendants gave notice of appeal.

The defendants offer the following three assignments of error:

"1. The Court erred in rendering judgment for plaintiffs the appellees herein, for the reason that the complaint and the allegations therein do not support the judgment.

"2. The Court erred in rendering judgment against the defendants for the reason that the Appellees having sued for rescission of a contract have and did elect that remedy and should not have been allowed to recover on a contract of Novation.

"3. The Court erred in rendering judgment for the appellees for the reason that the facts alleged and proved do not support a judgment for recission on account of fraud."

The foregoing assignments are accompanied by the following propositions of law:

"1. A plaintiff may not allege in a single Count distinct and separate matters inconsistent in themselves.

"2. Where plaintiff has a choice between two or more inconsistent remedies, the commencement of an action seeking one remedy is an election and he may not thereafter proceed for another and different remedy.

"3. In order to constitute actionable fraud a false representation must relate to a matter of fact which either exists in the present or in the past. It must also relate to a fact which is susceptible of knowledge."

As to the defendants' first assignment of error and supporting proposition of law, we are of the opinion that the defendants misconceive the nature of plaintiffs' cause of action. It is not an action to rescind a contract but an action to recover the $4,000 balance which defendants agreed to pay plaintiffs as a result of a mutual agreement of the parties rescinding the original written agreement between them. The preliminary recitals in the complaint heretofore summarized showed merely the inducement for the subsequent rescission which lead to the new agreement to refund the balance of the purchase price paid by plaintiffs. It is to be noted that defendants did not file in the lower court any motion to strike, or any other pleading directed to the form of plaintiffs' complaint. There being but the one cause of action stated in the complaint we deem it unnecessary to apply the liberal provisions of section 21-408, A.C.A.1939, relating to pleading in the alternative, or to consider the case of Julian v. Carpenter, 65 Ariz. 157, 176 P.2d 693, cited by plaintiffs.

The whole argument under defendants' assignment No. 2 is set forth in the following few lines: "Appellees have initiated an action for recission, cannot lawfully convert the action to one upon a contract of novation, especially when the complaint does not even allege a fulfillment of the said agreement to restore, nor an offer to do so. The mere return of the business and balance of the stock does not constitute an offer to or the actual restoring of appellants to the status quo. Nor is this insufficiency in the pleading cured by evidence in the case." We have already disposed of the first part of this contention. We find that defendants did not allege nor is there any evidence showing that they had not been fully restored to their position of status quo. After making the rescission agreement plaintiffs left the music store and did not return; all things which were not sold and accounted for were left in the store, and that defendants at no time requested an accounting. Defendants, by their answer, admitted that all moneys received from the plaintiffs for sales from the departments during the period plaintiffs operated their store were turned over to defendants and retained by them. Under assignment No. 2 defendants cited the cases of Arzuaga v. Gonzalez, 1 Cir., 239 F. 60; Intertype Corp. v. Pulver, D.C., 2 F.Supp. 4, affirmed in 5 Cir., 65 F.2d 419, but we see no application of these cases

to the case at bar. There is no merit to this assignment.

The question of fraud does not enter into this case at all as we construe the issues and hence there is no merit to the third assignment of error and supporting proposition of law which is based upon this erroneous theory. As heretofore stated the action to recover is on a contract of novation.

There is no question in the minds of the court but that the facts alleged and proved support the judgment rendered in this cause. The judgment is affirmed.

LaPRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.