367 P.2d 632

Webber MACKEY and Marjorie Mackey, his wife, Appellants,

v.

PHILZONA PETROLEUM COMPANY, a corporation, and John G. Phillips, Appellees.

No. 6764.

Supreme Court of Arizona. In Division.

Dec. 29, 1961.

Rehearing Granted Feb. 13, 1962.

Moore & Romley, Phoenix, for appellants.

Snell & Wilmer, Phoenix, for appellees.

JOHN A. McGUIRE, Judge.

This case arose out of a contract made August 3, 1956, by which the plaintiffs

transferred numerous leases and certain personal and real property to defendant Philzona Petroleum Company (called Philzona), a corporation organized by plaintiffs and the other defendant John G. Phillips. The entire transaction is involved and complex and only such details as are necessary will be discussed in this opinion.

Mackey went to work for Philzona but on October 2, 1956, he was discharged by Phillips who was acting for the corporation. It should be noted that Phillips was president and that the three directors were Phillips, Mrs. Phillips, and Mackey; they being the organizers and sole stockholders. Various other difficulties also developed and finally this suit was filed.

The second amended complaint upon which trial was had is very lengthy, and alleges fraud and mistake in great detail and seeks various relief including reformation, rescission, quieting of title, adjustment of equities, accounting, money judgment, and such other judgment and relief as may be proper. The complaint does not allege any definite amount as damages nor pray for damages as such. The answer is also quite detailed and denies many of the allegations of the complaint and also alleges certain new matter.

The only new matter alleged, material to the consideration of the particular questions raised on this appeal, appears in Paragraph XX of the answer as follows:

"Defendants further allege that at the time said plaintiff Webber Mackey severed connection with said Philzona Petroleum Company said Webber Mackey knew that the company was then actively carrying on its business, making contracts for the acquisition of property, the purchase and sale of personal property, incurring indebtedness and paying obligations incurred, by reason whereof the affairs of the company were in a state of constant change; despite the foregoing facts, without justification and with full knowledge that said plaintiff's employment had been terminated with Philzona Petroleum Company permanently, said plaintiff did not notify defendant that he claimed any fraud had been practiced on him or that he desired to rescind the agreement but on the contrary led defendant to believe that he abided by the contract, was satisfied therewith, other than for the claim of some additional adjustments as to the amount of stock due to said plaintiff and thereby ratified said contract and elected to rely thereon and accept the benefits thereof; alleging in this respect that said plaintiffs are barred by laches, ratification and want of equity in doing other than abiding by the contract as entered into as reflected by said Exhibit B."

This case came on for trial before a jury and while the plaintiff was testifying the defendant asked leave to examine him on voir dire. In connection with such examination the defendant, over objection, introduced three documents in the nature of assignments and pledges of the stock of the corporation which Mackey was to receive under the agreement executed by him to various third parties. Thereupon defendant objected to any further evidence upon the claim for rescission on the ground that the plaintiff had, with full knowledge of the facts, ratified the contract in that he had exerted dominion over the subject matter and had put it beyond his power to rescind.

Involved objections, offers of proof, and similar proceedings were had both in and out of the presence of the jury. The court eventually ruled that plaintiff had barred himself from the relief of rescission but would be permitted to proceed solely on a claim for damages. Plaintiff declined to do so and "involuntarily rested." A verdict was directed for defendants, motion for new trial denied and this appeal followed.

 The trial proceedings were highly irregular. A defendant should not be permitted to interrupt the presentation of the plaintiff's case to establish an affirmative defense and then require the plaintiff to introduce evidence to rebut that defense before the plaintiff has even established his case in chief.

 Orderly procedure requires that the plaintiff be permitted to prove his case. The defendant may then prove any affirmative defense *he has pleaded* and thereafter plaintiff may rebut such defense if he can. If a defendant has a defense that is absolutely iron-clad and non-assailable he may avoid trial by motion for summary judgment of which at least ten days notice must be given. A party may also move for separate trial upon particular issues. No such motions were made in this case.

If it appeared however to this Court that upon a new trial the defendants could as a matter of law establish an absolute defense to the entire case, the judgment should be affirmed as a new trial would be useless. Such is not the case.

Even the answer speaks of a claim for some additional stock and the plaintiff may have a claim for some relief even if he cannot rescind. As the plaintiff was not permitted to finish his case there is no way this Court can determine whether he is able to establish a prima facie case or not.

 An election between various claims for relief presented may not be required either before trial or at the close of a case. Julian v. Carpenter, 65 Ariz. 157, 176 P.2d 693. It is even clearer that a

party may not in mid-trial suddenly be required to elect between the various forms of relief which may be granted under the proof presented. After the court or jury has found the facts then the court as a matter of law will determine what, if any, relief he is entitled to.

■ The abrupt interruption of plaintiff's case by defendants' being permitted to introduce evidence of an affirmative defense over strenuous objection of plaintiff's counsel was error, and goes to the very foundation of the court's action herein.

While neither party introduced all of his evidence, the issue of rescission has been briefed at great length and will no doubt arise upon a new trial. It will therefore be discussed. For purposes of this discussion it will be assumed that, if he had not been stopped in his proof, plaintiff could make out a case for rescission if no defense of ratification existed.

■ The general rule is that if a person knowing the *facts* that entitle him to rescind nevertheless retains the benefits of the contract as his own, he has lost his right of rescission regardless of any subjective intent or ignorance of the *law*. This rule is not absolute.

In the case of Garrett v. Reid-Cashion Land Etc. Co., 34 Ariz. 245, 270 P. 1044, discussed at length in both briefs, this Court granted rescission of a merger although the plaintiffs had sent their stock to the bank to be exchanged for other stock in the new corporation, and one of the plaintiffs had actually attended and participated in a stockholders meeting of the new company at which she was elected director. Six months later she sued for rescission. She thought she had no remedy and performed her acts in recognition of the consolidation under the belief she could not do otherwise. She knew the facts but was granted relief because of a pure error of *law*.

The Court said:

"The evidence is undisputed that the former were not trained in business and did not know the legal effect on their rights of the transaction absorbing the Garrett Sheep Company by the Reid-Cashion Land & Cattle Company —that, indeed, they believed they were bound by the action of the majority stockholders, and acted under that belief in accepting such stock—that it was 'half a loaf' or nothing. The yardstick employed to measure the rights of parties dealing at arm's length is not the proper measure of the rights growing out of fiduciary relations. If it were, perhaps these minority stockholders would be remediless." 34 Ariz. 245, 268, 270 P. 1044, 1052.

 If the litigants here had been strangers dealing at arm's length the plaintiff would be barred from rescission. But the rules governing the fiduciary relationship between partners apply to the parties. They were the only two natural persons interested in the deal. They were the only stockholders in Philzona, except for Mrs. Phillips.

The matter is further discussed in Garrett v. Reid-Cashion Land Etc. Co., supra, and various authorities are cited. The Court further said:

> "The rule that permits relief to one who enters into a transaction ignorant of his antecedent existing legal rights is well recognized." 34 Ariz. 245, 273, 270 P. 1044, 1053.

 Obviously if rescission is ultimately decreed and plaintiff cannot give back all he received, appropriate adjustment must be made; the making of the assignments must not be permitted to worsen the defendants' final position. In view of the abortive record this Court does not intimate in any way whether plaintiff is entitled to any relief whatsoever or if so, what form legal or equitable, that relief should take.

The judgment and order denying motion for new trial are reversed and the case is remanded to the Superior Court of Maricopa County with instructions to grant a new trial. Either party may amend his pleadings and make any motions that could be made if the case had not been tried.

STRUCKMEYER, C. J., and BERNSTEIN, V. C. J., concur.